554 F.Supp. 808 (1982)
Finley MULDREW, Plaintiff,
v.
ANHEUSER-BUSCH, INC., Defendant.
No. 81-0303C(4).
United States District Court, E.D. Missouri, E.D.
December 22, 1982.
On Post-Trial Motions December 22, 1982.
*809 Doris Gregory Black, St. Louis, Mo., for plaintiff.
Donald L. McCullin, Wilson, Smith & McCullin, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court for decision on the merits of plaintiff's claim for equitable relief and attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Plaintiff alleges that defendant terminated him from employment because of his race. His claim for damages under 42 U.S.C. § 1981 was tried to a jury on July 8 and 9, 1982. The jury found for plaintiff on the claim, and awarded him $125,000.00.
After considering the pleadings, exhibits, stipulations, and memoranda of the parties, and giving due deference to the decision of the jury, the Court makes and enters the following findings of fact and conclusions of law on plaintiff's claim for equitable relief.

Findings of Fact
1. Plaintiff, Finley Muldrew, is a 38-year-old black citizen of the United States and a resident of the City of St. Louis, State of Missouri.
2. Defendant, Anheuser-Busch, Incorporated, is a corporation organized and existing under the laws of the State of Missouri, and is engaged in the business of manufacturing and bottling beer.
3. Anheuser-Busch is engaged in an industry affecting commerce and consistently over the years has had more than fifteen employees every working day.
4. In early July, 1970, plaintiff was hired as a bottler by defendant at its plant at 721 Pestalozzi, St. Louis, Missouri.
5. On May 7, 1979, plaintiff was terminated by defendant. The reason defendant gave for terminating plaintiff was excessive absenteeism.
6. White employees of defendant similarly situated to plaintiff, such as George Geno (Tr. 228-231), Fred Reising (Tr. 231-234), and Richard Reisinger (Tr. 234-236), had absentee records equal or worse than plaintiff's record. George Geno and Fred Reising are still employed by defendant. Richard Reisinger, whose attendance record was significantly worse than plaintiff's record, was terminated more than a year after plaintiff.
7. The Court defers to and adopts the jury's apparent rejection of defendant's explanation for the difference in treatment of the absences of white employees from the absences of plaintiff. Defendant explained that the difference in treatment was the result of the uniform application of defendant's absentee control policy. The absentee control policy as expressed by defendant at trial differed from the written policy given to employees (plaintiff's exhibit 5), and was so complicated as to appear pretextual. The jury apparently discredited the unsupported testimony of defendant's supervisor that the absences of the white employees in excess of plaintiff's absences were "excused" under the policy. In deference to the jury's determination, and finding it supported *810 by the evidence, the Court also so finds.
8. On May 25, 1979, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), claiming that he was terminated because of his race. On December 22, 1980, the EEOC found reasonable cause to believe that plaintiff's charge of race discrimination was true. Plaintiff filed the complaint herein on March 20, 1981.

Conclusions of Law
1. This Court has jurisdiction over plaintiff's equitable claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
2. Plaintiff made out a prima facie case of racial discrimination under the standard set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
3. Although defendant articulated a legitimate, non-discriminatory explanation of its differing treatment of plaintiff, there was sufficient evidence to support an inference that defendant's absentee control policy was simply a pretext for the discrimination. In deference to the jury's apparent finding in this regard, the Court also finds that defendant's explanation that plaintiff was treated differently as a result of the uniform application of defendant's absentee control policy to be pretextual.
4. Defendant violated 42 U.S.C. § 2000e-2(a)(1) in terminating plaintiff because of his race.
5. Plaintiff is therefore entitled to be reinstated with full seniority under 42 U.S.C. § 2000e-5(g).
6. Plaintiff is not entitled to an award of back pay and lost monetary benefits in addition to that awarded by the jury. Where a person claiming employment discrimination is successful under both Title VII and 42 U.S.C. § 1981, he is entitled to only one recovery of damages. Williams v. Trans World Airlines, Inc., 660 F.2d 1267, 1274 (8th Cir.1981).[1]
7. Plaintiff, as the prevailing party in a Title VII action, is also entitled to reasonable attorney's fees. The Court finds plaintiff's counsel's claim for 165.5 hours of out-of-court time at $85 per hour, and 15.4 hours in-court time at $100 per hour, which claim is not contested by defendant, to be reasonable. Accordingly, plaintiff will be awarded $15,607.50 in attorney's fees.
An amended judgment reflecting the Court's award of reinstatement and attorney's fees, in addition to the damages awarded by the jury, will be entered accordingly.

ORDER
A memorandum dated this day is hereby incorporated into and made a part of this order.
IT IS HEREBY ORDERED that defendant's alternative motion for directed verdict, for judgment notwithstanding the verdict, for new trial, for new trial on issue of damages only, and to reduce damages be and the same is denied.
IT IS HEREBY FURTHER ORDERED that defendant's petition for stay of execution or other proceedings pending disposition of the motion denied above be and the same is denied as moot.
IT IS HEREBY FURTHER ORDERED that plaintiff's application for writ of execution be and the same is denied without prejudice to its presentation to the Clerk of the Court.

MEMORANDUM

On Post-Trial Motions
This matter is before the Court on various post-trial motions.
Defendant Anheuser-Busch, Inc., moves alternatively for directed verdict, for judgment notwithstanding the verdict, for an entire new trial, for a new trial solely on *811 the issue of damages, and to reduce the jury's award of damages.
By its motion, defendant essentially argues that defendant's view of the evidence was the most reasonable and should have been accepted by the jury. That, of course, is not the question before the Court, and even if true, would not permit the Court to overturn the jury's verdict. A jury's verdict may be overturned "only where the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Zoll v. Eastern Allamakee Community School District, 588 F.2d 246, 250 (8th Cir.1978) (emphasis in original).
After careful review of the evidence, the Court finds there was sufficient evidence to support the jury's finding of liability under 42 U.S.C. § 1981. As reflected in the Court's findings of fact and conclusions of law entered this day on plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the jury could have reasonably concluded that plaintiff sustained both his ultimate burden of persuasion that defendant intentionally discriminated against plaintiff as well as his burden of production under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Defendant's arguments otherwise are unpersuasive.
The Court also finds the evidence sufficient to support the jury's award of $125,000.00 in damages. Although, in the opinion of the Court, the award is somewhat generous, the jury was not required to limit its award to specific monetary losses incurred by plaintiff. Damages for humiliation and emotional suffering are recoverable, and such an award may be supported solely on plaintiff's own testimony. Williams v. Trans World Airlines, 660 F.2d 1267, 1272-73 (8th Cir.1981). Given the evidence of plaintiff's emotional losses in addition to specific monetary damages, it cannot be said, as a matter of law, that the jury's award was excessive.
The Court has reviewed defendant's other arguments concerning the Court's evidentiary rulings and plaintiff's duty to mitigate damages, and finds them unpersuasive.
For the reasons stated above, defendant's alternative motions will be denied.
Defendant also moves for stay of execution pending disposition of its post-trial motions. Having disposed of the post-trial motions, defendant's motion to stay execution will be denied as moot.
Pursuant to the local practice of having the Clerk of the Court issue writs of execution, plaintiff's application for writ of execution to this Court will be denied without prejudice to its presentation to the Clerk of the Court.
NOTES
[1] The Court also notes that plaintiff supports his claim for pension benefits, vacation pay, and insurance benefits, on plaintiff's exhibit 17, which was not admitted into evidence.